UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

DISTRICT COUNCIL NO. 9 INTERNATIONAL
UNION OF PAINTERS AND ALLIED TRADES,
A.F.L.-C.I.O.,

                              Petitioner,

-v-

SAHARA CONSTRUCTION CORP.,

                              Respondent.

21 Civ. 167 (PAE)

OPINION & ORDER

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

       On January 8, 2021, petitioner commenced this action—pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185—to confirm an arbitration award (the "Award") issued by the Joint Trade Committee of the Painting and Decorating Industry (the "Joint Trade Committee") against respondent Sahara Construction Corp. ("Sahara Construction."). *See* Dkt. 1 ("Pet."); *id.*, Ex. A ("Pet. Mem."); Dkt. 5, Ex. A ("Award"). Petitioner is the District Council No. 9 International Union of Painters and Allied Trades, A.F.L.-C.I.O. (the "Union"). Sahara Construction is an employer bound to a collective bargaining agreement ("CBA") with the Union. *See* Pet. ¶¶ 5–6.

       For the following reasons, the Court confirms the Award in full.

## I. Background[1]

The Union is a labor organization that represents employees working in an industry affecting commerce as defined by Section 501 of the LMRA. *Id.* ¶ 2. Sahara Construction is a New York corporation and an "employer" in an industry affecting commerce within the meaning of Section 301 of the LMRA. *Id.* ¶ 4.

On April 25, 2019, Sahara Construction entered into a CBA with the Union, *id.* ¶ 5; Dkt. 5, Ex. B ("CBA"), which provides for the submission of disputes to final, binding decisions of the Joint Trade Committee, Pet. ¶ 6; CBA art. XIII, § 3. A dispute occurred when Sahara Construction failed to register jobs with the Union and hired non-Union labor, in violation of the CBA. *See* CBA art. XIII, § 11; *id.* art. X, § 1; *id.* art. 1, § 4(k); *id.* art. II, § 3; Pet. ¶ 7; Award at 2. As required under Article XIII of the CBA, the Union filed a Demand for Arbitration with the Joint Trade Committee, and on August 3, 2020, served a Notice of Intention to Arbitrate on Sahara Construction. Pet. ¶ 8; Award at 1. Also on August 3, 2020, Sahara Construction was notified that there would be a hearing before the Joint Trade Committee on September 3, 2020. Award at 1.

On September 3, 2020, the Joint Trade Committee held a hearing, and on September 30, 2020, the Committee issued the Award. Pet. ¶¶ 9, 12. The Award stated that Sahara Construction had violated the CBA when it failed to register jobs with the Union and hired non-Union labor. *Id.* ¶ 10; Award at 2. The Joint Trade Committee directed Sahara Construction to pay $3,000 in fines made payable to the Joint Trade Committee. Pet. ¶ 10; Award at 2. On October 16, 2020, the Union served Sahara Construction with a demand letter following its

---

[1] The following undisputed facts are derived from the Petition and the exhibits attached thereto.

failure to comply with the Award, demanding that the Sahara Group comply with the Joint Trade Committee's decision within 10 days. Pet. ¶ 13; Dkt. 5, Ex. E ("Demand Letter").

On January 8, 2021, the Union filed this action seeking to confirm the Award. Dkt. 1. As of the filing date, Sahara Construction had still failed to comply with the Award and pay $3,000 in fines to the Joint Trade Committee. Pet. ¶ 16. On January 19, 2021, the Union effected service. Dkt. 10. On February 12, 2021, the Court issued an order recognizing that Sahara Construction had neither entered an appearance in this matter nor filed a response and stating that Sahara Construction must file any opposition to the petition by February 26, 2021. Dkt. 12. If Sahara Construction failed to do so, the Court warned, the Court would treat the petition as unopposed. *Id.* On February 16, 2021, per the Court's order, the Union served the order on Sahara Construction at their last known business address. Dkt. 13. Sahara Construction has not opposed the Petition or otherwise filed any documents in this matter.

## II.     Discussion

### A.     Applicable Legal Standards

"Arbitration awards are not self-enforcing"; "they must be given force and effect by being converted to judicial orders by courts." *Power Partners MasTec, LLC v. Premier Power Renewable Energy, Inc.*, No. 14 Civ. 8420 (WHP), 2015 WL 774714, at *1 (S.D.N.Y. Feb. 20, 2015) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006)). The Federal Arbitration Act provides a "'streamlined' process for a party seeking 'a judicial decree confirming an award.'" *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Hall St. Assocs. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant

the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 462 F.3d at 110 (cleaned up). In this Circuit, "[t]he showing required to avoid summary confirmation of an arbitration award is high." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (quoting *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987)); *see also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) ("It is well established that courts must grant an [arbitrator's] decision great deference.").

Review of an arbitral award by a district court "is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation." *Salzman*, 2011 WL 6778499, at *2 (quoting *Willemijn*, 103 F.3d at 12). Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is 'a barely colorable justification for the outcome reached.'" *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978)).

A motion to confirm an arbitral award against a party that has failed to oppose the motion is evaluated under the legal standards applicable to a motion for summary judgment. *See D.H. Blair*, 462 F.3d at 109–10. To prevail on such a motion, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the court must view all facts "in the light most favorable" to the non-moving party. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (citations omitted). In determining whether there are genuine issues of material fact, the court is

4

"required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)).

"Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *see also Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001). In reviewing an unopposed motion for confirmation of an arbitration award, a court:

> may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented*.

*D.H. Blair*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244). Where "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law . . . a court must grant an order to confirm an arbitration award upon the timely application of a party." *Herrenknecht Corp. v. Best Rd. Boring*, No. 06 Civ. 5106 (JFK), 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007) (citing 9 U.S.C. § 9; *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).

### B. Confirmation of the Arbitral Award

On the basis of the Award, and on the very limited review that is appropriate, the Court finds that summary judgment is warranted, as the Union has shown there is no material issue of fact in dispute. The Joint Trade Committee acted within the scope of the authority granted them by the parties. *See, e.g.*, CBA art. XIII, § 3; *id.* art. XIII, § 8. After deliberation, the Joint Trade Committee found Sahara Construction liable for failure to register jobs and the hiring of non-Union labor. Award at 2. From this, the Court concludes that there is at least a "barely colorable

5

justification for the outcome reached," and, by all indications, a more than colorable one. *Landy Michaels Realty Corp.*, 954 F.2d at 797. Accordingly, the Court confirms the Award in favor of the Union, for a total amount of $3,000 made payable to the Joint Trade Committee.

### C. Attorneys' Fees and Costs

The Union also requests fees and costs incurred in bringing the Petition. Pet. Mem. at 5. But, although the party seeking attorneys' fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates," *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), the Union's petition and supporting documents provide neither a value requested for attorney's fees nor any documentation as to the hours spent and hourly rates charged related to this petition. In addition, the Union has not identified a statute authorizing attorneys' fees in this case, nor has it claimed that it is entitled to attorney's fees for Sahara Construction's failure to pay the Award under the CBA. Instead, the Union claims an entitlement to the payment of attorneys' fees and costs because Sahara Construction "refused to comply with the arbitration award without justification." Pet. Mem. at 5.

Absent statutory authority, the Court ordinarily may not grant an application for attorneys' fees. *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 Civ. 5 (JMF), 2012 WL 3744802, at *4 (S.D.N.Y. Aug. 29, 2012) (parties not necessarily entitled to fees and costs associated with bringing petition to confirm arbitration award for recovery of delinquent contributions) (citing *Abondolo v. Jerry WWHS Co.*, 829 F. Supp. 2d 120, 130 (E.D.N.Y. 2011)); *Laundry, Dry Cleaning Workers & Allied Indus. Health Fund v. Stainless Partners, Inc.*, No. 07 Civ. 3542 (CPS), 2007 WL 3232260, at *3 n.4 (E.D.N.Y. Oct. 31, 2007) (denying request for attorneys' fees where petitioners failed to submit any time records). Neither Section 301 of the LMRA nor Section 9 of the FAA provide such authority. The Court may

nonetheless award attorneys' fees under its inherent equitable powers when opposing counsel acts in bad faith. *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund*, 2012 WL 3744802, at *4. Here, however, other than sending an email to Sahara Construction's counsel containing the Decision and Award on October 6, 2020, and a demand letter two weeks later, Dkt. 9 at 2; *id.* Exs. D, E, the Union has not indicated that it has taken other steps to pursue payment of the Award. Nor has it shown that the Sahara Construction's failure to comply with the Award is without justification and in bad faith. On the record at hand, it is plausible that Sahara today, rather than refusing to pay the Award, lacks the funds to do so. Accordingly, while on a proper showing the Court would have entertained an application for fees and costs, the Court finds that the Union has failed to meet its burden to demonstrate that fees and costs are warranted and to quantify the amount of any such award.

## CONCLUSION

For the reasons stated above, the Court confirms the Award in favor of the Union and issues judgment in the amount of $3,000 payable to the Joint Trade Committee. The Court denies the Union's request for attorneys' fees and costs. The Clerk of Court is respectfully directed to terminate the motion pending at docket 11 and to terminate this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: May 14, 2021
New York, New York